IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOAN O'MEARA, et al., | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| V. | ) | 8:09CV00157 |
| | ) | |
| DAVE HEINEMAN, et. al., | ) | |
| | ) | |
|     Defendants. | ) | MEMORANDUM AND ORDER |
| | ) | |
| CLAUDIE SIRES, Personal Representative of the Estate of Claudia Wright, | ) | |
| | ) | |
|     Plaintiff | ) | 4:10CV3020 |
| | ) | |
| V. | ) | |
| | ) | |
| DAVE HEINEMAN, et. al., | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |
| GARRY WHEELER, Personal Representative of the Estate of Sara Schnell, | ) | |
| | ) | 4:10CV3021 |
|     Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| DAVE HEINEMAN, et. al., | ) | |
| | ) | |
|     Defendants | ) | |
| | ) | |

This matter is before the court on the motion of defendants Heineman, Schaefer, Wyvill and Stegeman to stay the progression of this case pending the court's ruling on the defendants' anticipated motion for summary judgment on the issue of qualified immunity by summary judgment, which is due to be filed on or before July 1, 2010.

The doctrine of qualified immunity is designed to protect state actors from monetary damages and the costs associated with litigation, such as discovery. Harlow v. Fitzgerald, 457 U.S. 800, 817-818 (1982). Qualified immunity is "an immunity from suit rather than a mere defense to liability." Hunter v. Bryant, 502 U.S. 224 (1991); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Thus, where qualified immunity is asserted as a defense, it is withing the discretion of the court to stay discovery until the issue of qualified immunity is resolved. See Ballard v. Heineman, 548 F.3d 1132 (8th Cir. 2008).

After considering the parties' argument, the court finds defendants' motion to stay discovery should be granted without prejudice to the plaintiffs filing a motion for leave to conduct discovery, if necessary, limited to the issue of qualified immunity. See, e.g., Lovelace v. Delo, 47 F.3d 286 (8th Cir. 1995)(noting that discovery limited for the purposes of addressing the issue of qualified immunity may be appropriate). Any such motion must indicate "specific facts . . . discovery might uncover" regarding the qualified immunity defense. Fed. R. Civ. P. 56(f); Ballard, 548 F.3d at 1137; see also Britton v. Thompson, No. 7:08cv5008, 2009 WL 2365389 (D. Neb. July 29, 2009).

IT IS ORDERED

1. The defendants' motion to stay discovery (8:09-cv-00157, filing no. 50; 4:10-cv-03020, filing no. 21; 4:10-cv-03021, filing no. 20) is granted without prejudice to the plaintiffs filing a properly supported motion to conduct limited discovery to address the issue of qualified immunity.

2

2. If, after a ruling on the anticipated summary judgment, this case is not dismissed in its entirety, the parties shall contact the undersigned's chambers, within 10 days of the summary judgment ruling to discuss necessary amendments, if any, to the Final Progression Order.  If the defendants do not file the anticipated motion for summary judgment, discovery will resume pursuant to the Final Progression Order.

3. The clerk shall file this memorandum and order in the lead case, 8:09-cv-00157, and spread the text and order to the member cases.

DATED this 28th day of June, 2010.

                              BY THE COURT:

                              s/ *Cheryl R. Zwart*
                              United States Magistrate Judge